```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ARAMIS STUCKMAN, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 10-4754 (JBS/JS) |
| v. | |
| ATLANTIC COUNTY JUSTICE FACILITY STAFF, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Mr. Aramis Stuckman
Inmate No. 183745
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330
    Plaintiff Pro Se

James T. Dugan, Esq.
Atlantic County Department of Law
133 Atlantic Avenue
8th Flor
Atlantic City, NJ 08401
    Attorney for Defendants Lt. M. Hendricks, Sgt. Michael
    Kelly, Chief Sheriff Frank Ballas

**SIMANDLE**, Chief Judge:

**I. INTRODUCTION**

    This matter is before the Court upon the motion of Defendants Lt. M. Hendricks, Sgt. Michael Kelly, and Chief Sheriff Frank Balles (improperly plead as "Ballas") for summary judgment. [Docket Item 20.] The Plaintiff has filed opposition to this motion. [Docket Item 21.] For the

reasons discussed herein, the Court will grant Defendants' motion for summary judgment and dismiss the complaint as to Defendants Lt. M. Hendricks, Sgt. Michael Kelly, and Chief Sheriff Frank Balles.  The court will also dismiss the remainder of Plaintiff's complaint with leave to amend.

**II.  BACKGROUND**[1]

The Plaintiff Aramis Stuckman, a pretrial detainee in the Atlantic County Justice Facility, filed a complaint against Defendants Lt. M. Hendricks, Sgt. Michael Kelly, and Chief Sheriff Frank Balles (collectively "Defendants") pursuant to 42 U.S.C. § 1983.  [Docket Item 1.]  The Court construes this Complaint as asserting a claim against Defendants and the Atlantic County Justice Facility staff for failure to protect Plaintiff from assault by other prisoners, allegedly in violation of Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment.

---

[1] Defendants have not submitted a statement of material facts not in dispute in accordance with L. Civ. R. 56.1(a).  A moving party's failure to comply with Rule 56.1 is itself sufficient to deny its motion. Bowers v. NCAA, 9 F. Supp. 2d 460, 476 (D.N.J. 1998).  In this case, the Court finds the Defendants' factual representations to be well-organized with citations to the record, in substantial compliance with L. Civ. R. 56.1(a).  Therefore, the Court will not deny summary judgment on these procedural grounds and will address the merits of Defendants' motion.  However, the Court must emphasize the importance of compliance with the Local Civil Rules and urges the Defendants comply fully with L. Civ. R. 56.1(a) in the future.

The Plaintiff alleges the Defendants failed to protect him from assault by another inmate while Plaintiff was waiting for a criminal hearing in the Atlantic County Criminal Courthouse holding cell.  [Docket Item 1.]

The Plaintiff was incarcerated in the Atlantic County Justice Facility on March 17, 2010 based upon criminal charges involving two counts of robbery, one count of aggravated assault, two counts of possession of a weapon for an unlawful purpose and one count of conspiracy and robbery.  His co-defendant in these charges was Darnell Dumpson, who was also incarcerated in the Atlantic County Justice Facility.  Dumpson and Plaintiff were involved in an altercation on March 21, 2010, shortly after being detained.  (Defs.' Ex. C, March 21, 2010 Disciplinary Report.)  After the March 21, 2010 altercation, the Atlantic County Correctional Facility issued a keep separate status regarding Dumpson and Plaintiff.  (Defs.' Ex. D., Keep Separate Status.)

On the day in question, August 27, 2010, Plaintiff and Dumpson were transported from the correctional facility to the Atlantic County Criminal Courthouse along with 32 other inmates.  (Defs.' Ex. F.)  The list of inmates was provided to the Sheriff's Department and it is noted on the list that Plaintiff and Dumpson should be kept separate.  (Defs.' Ex. F.)  Officer Brian Deveney briefed the Sheriff's Officers with

regard to the no contact information on the list and specifically told Sheriff Officer Breder that Plaintiff and Dumpson were to be kept separate.  (Defs.' Ex. G.)

Plaintiff and Dumpson were transported to the courthouse in separate vehicles and placed in separate cells when they arrived.  (Defs.' Exs. H and I.)  Dumpson was then moved to the interview room.  When it was time to move Dumpson out of the interview room, Sheriff's Officer Gustafson removed Dumpson and put him back into the holding cell with Plaintiff.  (Defs.' Ex. J.)  Gustafson was not aware of the keep separate order between Dumpson and Plaintiff.  (Defs. Ex. J.)  Approximately fifteen minutes later, Dumpson slipped out of his waist shackles and assaulted the Plaintiff in the holding cell.  (Defs.' Ex. J.)

Sheriff's Officer Barton responded to a request for help from Gustafson and found the Plaintiff bleeding from the back of his head.  The two inmates were secured in separate cells and an ambulance was called for the Plaintiff.  (Defs.' Ex. K.)  The Plaintiff was treated for a minor laceration located near his left eyebrow and a half inch laceration on his scalp over his left ear that was secured with two staples.  (Defs.' Ex. N.)

The Plaintiff then filed the instant law suit against Defendants and Atlantic County Justice Facility Staff alleging failure to protect in violation of his Eighth Amendment rights.

[Docket Item 1.]  The Plaintiff did not name Officer Gustafson as a Defendant; however, the Plaintiff named "Unknown Sheriff John Doe" as a placeholder for the deputy sheriff who opened the door.[2]

In his deposition, the Plaintiff testified that he sued Defendant Lt. Hendricks because "[h]e is classification department, and he is supposed to notify the sheriff's officer that me and Darnell Dumpson was on a keep separate.  Did he notify them?  I don't know, but the reason I didn't think that they notified him is why - we shouldn't have been in the same holding cell together."  (Defs. Ex. B, Deposition of Aramis Stuckman, "Stuckman Dep.," at 80:24-81:5.)  The Plaintiff testified that he did not think he saw Lt. Hendricks on the day of the incident.  (Stuckman Dep. at 81:9-15.)  The Plaintiff stated that his claim against Lt. Hendricks was solely because he was in charge of classifications.  (Stuckman Dep. at 81:21-23.)

As to Sgt. Kelly, the Plaintiff stated he thought he saw Sgt. Kelly on the day of the incident, but did not testify as to any interaction with Sgt. Kelly or any personal involvement of Sgt. Kelly in bringing about the incident.  (Stuckman Dep. 81:13-16.)  Rather, the Plaintiff explained that he sued

---

[2] Plaintiff testified at his deposition that "this guy that opened the door I don't know, but I put Unknown Sheriff John Doe." (Defs. Ex. B, Deposition of Aramis Stuckman, at 85:2-3.)

Defendant Sgt. Kelly because he worked in the classifications department.  Specifically, the Plaintiff stated: "I'm claiming that he is classification, and they were supposed to - they were supposed to notify the sheriff's department that we were on a keep separate, and I believe that they failed to do that because we were put in the same holding cell together, which we're never put in the same holding cell together, which led me to belief that maybe paperwork was missing or they wasn't notified in some type of way rather than intentionally or accidentally."  (Stuckman Dep. at 82:10-18.)

The Plaintiff testified to similar reasons for bringing suit against Defendant Sheriff Ballas.  The Plaintiff stated that he understood Sheriff Ballas was the chief of the sheriff's offices, and therefore the sheriff should be responsible for everything that goes on in the sheriff's department and that was why Plaintiff sued Sheriff Ballas. (Stuckman Dep. at 83:24-84:22.)  The Plaintiff stated that he did not see Sheriff Ballas on the day of the incident and in fact, the Plaintiff admitted he had never even met Sheriff Ballas.  (Stuckman Dep. at 83:24-84:22.)

The Defendants moved for summary judgment arguing that summary judgment is appropriate as to Lt. Hendricks, Sgt. Kelly and Sheriff Ballas.  The Defendants argue that at most, the placement of Plaintiff in a holding cell with Dumpson was

negligent and does not rise to the level of deliberate indifference sufficient to establish a claim under the Eighth Amendment.  Second, the Defendants argue that they are being sued based on a theory of <u>respondeat superior</u> liability.  Since supervisory liability under § 1983 cannot be predicated solely upon a theory of <u>respondeat superior</u>, Defendants argue the claims against them should be dismissed.  Finally, the Defendants argue that they are entitled to qualified immunity.

The Plaintiff filed opposition to this motion.  [Docket Item 21.]  The Plaintiff maintains summary judgment should not be granted because "Plaintiffs claims support of negligents [sic] has merit.  Defendants use negligents [sic] against Party (Plaintiff.)"  (Pl.'s Opp. at 2.)

### III.  DISCUSSION

#### A. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party."  See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  <u>Id.</u>  Disputes over irrelevant or unnecessary facts will not preclude

7

a grant of summary judgment.  Id.   The district court must "view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." Scott v. Harris, 550 U.S. 372, 378 (2007)

### B. Respondeat Superior Liability

It is well settled that "[S]ection 1983 will not support a claim based on a respondeat superior theory of liability." Polk County v. Dodson, 454 U.S. 312, 325 (1981).  Rather, a defendant in a Section 1983 action "must have personal involvement in the alleged wrongs:  liability cannot be predicated solely upon the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Importantly, a plaintiff "must portray specific conduct by state officials which violates some constitutional right." Gittlemacker v. Prasse, 428 F.2d 1, 3 (3d Cir. 1970).

In this case, it is clear the Plaintiff has premised his claims against Lt. Hendricks, Sgt. Kelly and Sheriff Ballas solely upon a theory of respondeat superior liability.  In his deposition, the Plaintiff admitted to having limited if any personal interaction with any of these Defendants on the day of the incident.  It is evident from the record that these Defendants were not personally or directly involved in any of the alleged wrongs claimed by the Plaintiff.  The Plaintiff and Dumpson were marked as down as "no contact" on the transport

list.  The Plaintiff and Dumpson were kept separate during their transportation to Atlantic County Criminal Courthouse and were placed in different holding cells.  The Sheriff's Office was informed of the "keep separate" order which was in place.

It was not until Officer Gustafson placed Dumpson into Plaintiff's holding cell that Plaintiff's claim arose.  Dumpson was then able to slip off his shackles and attack the Plaintiff.  The Plaintiff does not allege or testify to any direct or personal involvement of the Defendants in bringing about this harm.  Instead, the Plaintiff sued Lt. Hendricks, Sgt. Kelly and Sheriff Ballas solely because of their supervisory positions in the classifications department and the Sheriff's Office respectively.

This is an insufficient basis for Section 1983 liability and therefore, Plaintiff's claims against these Defendants must be dismissed.

Because the Defendants' motion for summary judgment is granted for the reasons stated above, the court will not address the Defendants' remaining arguments.

### C. Leave to Amend

In his opposition papers and his deposition, the Plaintiff states that he does not know the identity of the Sheriff's Officer who opened the door and put Dumpson into his holding cell.  Plaintiff refers to this defendant as "Unknown Sheriff

9

John Doe."  The Plaintiff has also named two other John Does as defendants: "John Doe Sheriff Operation of Security of Camera Operator," and "Mays Landing Sheriff."

In addition, the Defendants state in their opposition brief that "Atlantic County Justice Facility Staff" is not a legal entity and therefore no answer has been filed.

A plaintiff must plead a civil rights claim with factual specificity.  Frazier v. Southeastern Pennsylvania Trans. Auth., 785 F.2d 65 (3d Cir. 1986). "Unknown Sheriff John Doe," "John Doe Sheriff Operation of Security of Camera Operator," "Mays Landing Sheriff," and "Atlantic County Justice Facility Staff" are the only remaining defendants in this action.  These defendants lack the specificity required to maintain Plaintiff's civil rights complaint.  Therefore, the Plaintiff's complaint will be dismissed as to these defendants with leave to amend.

The Court notes that, from the record of this motion, it is apparent that Plaintiff seeks to sue the sheriff's officer who placed Dumpson into his holding cell despite the no contact order.  From this record, the name of that officer has emerged, namely Sheriff's Officer Gustafson (Defs.' Ex. J.)  officer Gustafson's first name is not apparent upon this record.

When dismissing a case brought by a pro se plaintiff, a court must decided whether the dismissal will be with prejudice

or without prejudice to leave to amend.  <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 110-11 (3d Cir. 2002); <u>Shane v. Fauver</u>, 213 F.3d 113, 117 (3d Cir. 2000).  When it is apparent that leave to amend would be futile, such dismissal should be with prejudice, since the value served by finality of judgment is not overcome by the prospect that a plaintiff may, if given an opportunity, pursue a meritorious case.  In the present case, however, Plaintiff should have the opportunity to name the previously unnamed Sheriff's officer who placed Dumpson into his holding cell; the two-year statute of limitations has not expired on this August 27, 2010 incident and Plaintiff has testified he told this officer about the no-contact directive.  (Stuckman Dep. at 67:11-68:8.)  Such a claim is not futile, and would supplement the earlier complaint.

The Plaintiff will be given thirty days to file an Amended Complaint naming Sheriff's Officer Gustafson as a defendant, in place of "Unknown Sheriff John Doe."  As summary judgment has been granted against all properly named defendants in this action, the Plaintiff's complaint will be dismissed with prejudice as to all previously named defendants, and without prejudice to proceed against new defendant Gustafson, if timely added by Amended Complaint within thirty (30) days.

| **January 30, 2012** | **s/ Jerome B. Simandle** |
|---|---|
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |

11